UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| GARETH DAVITON LEWIS, |
| Defendant. |

Crim. Action No. 05-342-05
RCL/DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with conspiracy to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959, 960 and 963, and 18 U.S.C. § 2. A detention hearing was conducted by the undersigned United States Magistrate Judge on July 27, 2007.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition

United States v. Lewis                                                                                              2

or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the

United States v. Lewis                                                                                                            3

community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

The government proffered that Defendant participated in a conspiracy to transport thousands of kilograms of cocaine from Columbia through Central America and ultimately into the United States. Defendant's participation in the conspiracy was through his role as an owner of a shipping company with his father in Jamaica. The government proffered that Defendant arranged to have shipping vessels meet "go fast" boats in the Carribean. The merchant vessels would then be loaded with cocaine from the "go fast" boats, and the cocaine was shipped to Central America, where it would eventually arrive in the United States. The government proffered that it learned of the Defendant's part in this conspiracy from legal wiretaps in Colombia. The government also proffered that the Defendant is a citizen of the United States, but has lived his entire life in Jamaica and has no ties to Washington, D.C. or any area in the United States.

Through his counsel, Defendant proffered that he was an owner of legitimate shipping business in Jamaica. Defendant's counsel proffered that the business arranged for people to get access to merchant vessels for use in the Carribean and that Alvaro Archbold-Manner, an alleged

United States v. Lewis 4

co-conspirator, was a customer of this business and that the boats were under his control when they were used in furtherance of the conspiracy. Defendant's counsel felt that he was unable to further argue against pretrial detention because he did not have a chance to hear the wiretapped phone conversations involving the Defendant. He declined the court's offer to continue the hearing until he had a chance to review the tapes and stated for the record that he may raise the issue again with the assigned United States District Judge after hearing the tapes.

### IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the defendant was actively involved in a conspiracy to import significant quantities of cocaine into the United States.

Second, the undersigned finds, for the reasons proffered by the government, that the weight of the evidence against Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. While the government stated that Defendant, according to the Pretrial Services Report, was a United States citizen, he has lived in Jamaica his entire life and has no ties to any community in the United States.

Finally, the undersigned is satisfied that the toll which distribution of cocaine has taken and continues to take upon this community is well-documented and need not be repeated here.

United States v. Lewis 5

The undersigned finds that the proffered evidence of Defendant's significant involvement in a conspiracy to import cocaine into the United States demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's limited proffer of evidence, and finds that it is insufficient to rebut either of the applicable presumptions. See <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, defendant will be held without bond pursuant to the July 27, 2007 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge


_August 2, 2007_
DATE

_July 27, 2007_
NUNC PRO TUNC