IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

-- versus --                    CRIMINAL CASE NO. 05-342 (RCL)

GARETH DAVITON LEWIS

PRELIMINARY MOTION TO SUPPRESS EVIDENCE

COMES NOW the Defendant, by and through undersigned counsel and, pursuant to the Fourth Amendment of the United States Constitution, moves to suppress any and all intercepted communications obtained as a result of the multiple wiretaps utilized during the investigation of this case, as well as any and all evidence seized during a search of Defendant's residence and his business office.  In support thereof, Defendant states as follows:

1.

Beginning on May 18, 2005, and continuing through August 16, 2006, Special Agents of the United States Drug Enforcement Administration ("DEA"), in conjunction with law enforcement officials of Jamaica, monitored hundreds, if not thousands, of phone conversations to which Defendant was a party.  See Affidavit in Support of Request for Extradition

of Gareth Daviton Lewis and Jeffrey Davyton Lewis (signed by DEA S/A Angelica Gurrola, dated October 10, 2006); Affidavit in Support of Request for Extradition of Gareth Daviton Lewis and Jeffrey Davyton Lewis (signed by Constable Horace Carr, Jamaica Constabulary Force).  These phone conversations were intercepted pursuant to warrants issued by a Judge of the Supreme Court of Jamaica on May 18, 2005; August 15, 2005; November 1, 2005; November 24, 2005; January 30, 2005; March 10, 2006; May 31, 2006; and June 15, 2006, relating to two Jamaican phone numbers.

2.

On August 16, 2006, two provisional arrest warrants and eight search warrants were served on Defendant and Co-Defendant Jeffrey Lewis in Jamaica.  A search of Defendant's residence resulted in the seizure of a number of items, including ledgers, wire transfer and payment receipts, cellular telephones, and travel documents. See Affidavit in Support of Request for Extradition of Gareth Daviton Lewis and Jeffrey Davyton Lewis (signed by DEA S/A Angelica Gurrola, dated October 10, 2006); Affidavit in Support of Request for Extradition of Gareth Daviton Lewis and Jeffrey Davyton Lewis (signed by DEA S/A Angelica Gurrola, dated November 14, 2006).  A search of Defendant's business premises resulted in the seizure of numerous items, including business records, receipts, bank account records

and statements, registration documents and maintenance receipts of vessels, travel documents and receipts, and Jamaican currency. See Affidavit in Support of Request for Extradition of Gareth Daviton Lewis and Jeffrey Davyton Lewis (signed by Detective Sergeant of Police (JCF), dated October 10, 2006).

3.

Defendant is a citizen of the United States and had a reasonable expectation of privacy regarding telephone conversations to which he was a party[1], as well as his home and place of business.

4.

There are at least two circumstances in which a U.S. citizen may assert a Fourth Amendment challenge to evidence obtained in a foreign jurisdiction: 1) where the conduct of the foreign authorities shocks the judicial conscience, and 2) where cooperation with U.S. officials implicates Constitutional restrictions. United States v. Maturo, 982 F.2d 57, 60-61 (2nd Cir. 1992)(citations omitted).[2] Within the second category, constitutional

---

[1]  A wiretap is a search and therefore generally subject to the Fourth Amendment. See Berger v. New York, 388 U.S. 41 (1967).

[2] Compare United States v. Verdugo-Urquidez, 494 U.S. 259 (1990)(The Fourth Amendment does not apply to searches conducted outside the U.S. of

requirements may attach in two situations. The first is where the conduct of foreign law enforcement officials' rendered them "agents" of U.S. law enforcement officials. The second is where the cooperation between the U.S. and foreign law enforcement is designed to evade constitutional requirements applicable to American officials. Id. at 61 (citations omitted).

5.

When considering a Fourth Amendment claim based on the conduct of foreign law enforcement officials' that renders them "agents" of U.S. law enforcement officials (sometimes referred to as the Joint Venture Doctrine), a three-part analysis is required. United States v. Barona, 56 F.3d 1087, 1092-93 (9th Cir. 1995). First, the Court must determine if the participation of U.S. agents in the foreign investigation was so substantial that it constituted a joint venture. If it is determined that a joint venture existed, the Court must then determine if the applicable foreign law was complied with. Finally, if the foreign law was not complied with, the Court must then determine if the U.S. agents acted on a reasonable belief that the foreign search complied with the foreign country's law. In the event that each step of the analysis is satisfied, the evidence shall be excluded. Id.

---

**aliens** who do not have a previous significant voluntary connection to the U.S.).

6.

Upon information and belief, Defendant asserts that the Joint Venture Doctrine applies to the facts of this case in that the conduct of foreign law enforcement officials' rendered them "agents" of U.S. law enforcement officials; that Jamaican law was not complied with; and that, if Jamaican law was complied with, U.S. agents did not rely upon a reasonable belief that the searches and seizures in question complied with Jamaican law. Defendant further submits that the cooperation between the U.S. and foreign law enforcement in the instant case was designed to evade constitutional requirements applicable to American officials.[3]

---

[3] Defendant notes that he has received in Discovery a number of Affidavits submitted to the Jamaican government in support of the United States' requests for extradition of Defendant and others. Some of these affidavits state that search warrants were issued for the search of Defendant's home and business. The warrants themselves, however, have not been produced. The Discovery also includes "Certifications" that wiretap warrants were issued for certain telephones over which Defendant's conversations were intercepted. Neither the actual warrants, nor the affidavits in support of such warrants, have been produced.

7.

WHEREFORE, Defendant respectfully requests that the Court conduct an evidentiary hearing on this matter and that this motion be granted.

Respectfully submitted,

*/s/ Bruce S. Harvey*
Bruce S. Harvey
Counsel for Defendant
D.C. Bar No. 384065

146 Nassau Street
Atlanta, GA 30303
404.659.4628

CERTIFICATE OF SERVICE

    This is to certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following:

>Patrick Hearn, Esq.
>Narcotics and Dangerous Drug Section
>U.S. Department of Justice
>1400 New York Avenue, NW
>Washington, D.C. 20530

This 22th day of February, 2008.

                /s/ Bruce S. Harvey
                Bruce S. Harvey
                Counsel for Defendant
                D.C. Bar No. 384065

146 Nassau Street
Atlanta, GA 30303
404.659.4628